IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC KEATING, | : | No. 4:CV 06-1722 |
| Plaintiff | : | Judge Jones |
| v. | : | |
| CONCEPT TECHNOLOGY, MARK IVEY, and SCOTT PIKE, | : | |
| Defendants | : | |

# **MEMORANDUM**

### **November 29, 2006**

Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff's "Proposed Amended Complaint" Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(4) and 12(b)(6) ("the Motion")(doc. 13) filed on October 13, 2006.

For the following reasons, the Motion will be granted.

## **PROCEDURAL HISTORY**:

*Pro se* Plaintiff Marc Keating ("Plaintiff") initiated this action against Defendants Concept Technology, Mark Ivey, and Scott Pike (collectively

"Defendants") by filing a complaint (doc. 1) on September 5, 2006.[1]  On October 11, 2006, Plaintiff filed an amended complaint.  (Rec. Doc. 7).  Also on that date, Defendants filed a Motion to Dismiss the initial complaint (doc. 8), with supporting brief.  Recognizing that the Motion to Dismiss was mooted by the filing of the amended complaint, Defendants thereafter filed the instant Motion to which Plaintiff responded on October 25, 2006.  (Rec. Doc. 18).  The time for Defendants' reply has elapsed and therefore the Motion is ripe for our review.

**FACTUAL BACKGROUND**:

This case arises out of an employment relationship between Concept Technology ("Concept") and Plaintiff.  Plaintiff was employed by Concept during 2005 as a project supervisor in a clean-up effort in downtown New Orleans following Hurricane Katrina.  Plaintiff alleges that he was injured on the job in New Orleans and was not provided with safe housing while working there.

Plaintiff has asserted four causes of action against the Defendants: (1) negligence related to his injury; (2) gross negligence; (3) "interference, intimidation, and coercion in fair housing;" and (4) deliberate indifference.

**STANDARD OF REVIEW**:

---

[1] Plaintiff commenced this action while incarcerated at the State Correctional Institution in Dallas, Pennsylvania.  Plaintiff remains incarcerated as of the writing of this Memorandum.

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

In the main, Defendants argue that Plaintiff's claims against each of them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because each Defendant lacks contacts with the Commonwealth of Pennsylvania sufficient for the exercise of personal jurisdiction. In particular, Defendants argue that Plaintiff's claims arise out of activity that occurred outside of Pennsylvania and none of the Defendants has continuous or systematic contacts with Pennsylvania to justify the operation of

long-arm jurisdiction.

Federal Rule of Civil Procedure 4(e) permits a district court to assert personal jurisdiction over a nonresident to the extent allowed under the law of the state where the court sits. Pennsylvania "authorizes long-arm jurisdiction to the extent permitted by the due process clause" of the Constitution. Visual Sec. Concepts, Inc. v. KTV, Inc., 102 F. Supp. 2d 601, 602 (E.D. Pa. 2000); 42 Pa. C.S. § 5322(b). The exercise of personal jurisdiction over a nonresident defendant is appropriate only if there exists "minimum contacts" between the defendant and the forum state such that the maintenance of the suit in that state does not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 396 U.S. 310, 316 (1945). With the concept of fairness as a touchstone, a court is precluded from asserting jurisdiction over a defendant having no " contact, ties, or relations," with the forum state. International Shoe, 396 U.S. at 319. While there is no standard for assessing the required contacts, predictability and fairness dictate that there must exist, at a minimum, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

General personal jurisdiction may be exercised where a nonresident

defendant has maintained "continuous and systematic" contacts with the forum state and the plaintiff's claims do not arise out of those contacts with the forum state.  Helicoperos Nacionales De Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984).  Specific personal jurisdiction may be exercised where the plaintiff's cause of action "arises from the defendant's forum related activities, such that the defendant 'should reasonably anticipate being haled into court there."  Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 151 n. 3 (3d Cir.1996).

Once a defendant raises the defense of lack of personal jurisdiction, the burden falls upon the plaintiff "to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Carteret Sav. Bank, F.A. v. Shusan, 954 F.2d 141, 146 (3d Cir. 1992); see also Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F. 2d 1217, 1223 (3d Cir. 1992).  To establish the propriety of personal jurisdiction, the plaintiff must present "a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank, 960 F.2d at 1223 (internal citations omitted).  To sustain its burden of proof to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction, a plaintiff may not rely on the bare pleadings, but must establish "jurisdictional facts

through sworn affidavits or other competent evidence." Time Share Vacation Club v. ATL Resorts, Ltd., 735 F. 2d 61, 66 n.9 (3d Cir. 1984).

The Defendants argue that Defendant Pike has no connections whatsoever with Pennsylvania: he has never resided in the Commonwealth, nor has he visited the Commonwealth or transacted any business here. Defendant Ivey argues that he has never resided in Pennsylvania nor has he ever owned property here. Ivey notes that his sole contact with Pennsylvania consisted of passing through the Commonwealth while on a personal vacation with his family four years ago.

Defendants note that Concept is a South Carolina corporation, with its principal place of business located in Charleston, South Carolina. Concept has never been incorporated in the Commonwealth of Pennsylvania, nor has it ever had an office, facility, clients or customers here. Concept does not provide services or products in Pennsylvania. When Concept hired Plaintiff, Keating was residing in Myrtle Beach, South Carolina and all of Concept's acts of hiring or employing Plaintiff took place in South Carolina or New Orleans, Louisiana.

Based upon this record, it is clear to this Court that the Plaintiff cannot establish either general or specific personal jurisdiction over any of the Defendants in this action. Defendants plainly do not have any continuous and systematic contacts with the Commonwealth of Pennsylvania sufficient to justify the exercise

of personal jurisdiction here.  In fact, the Defendants have had *no* contacts whatsoever with the Commonwealth.  To conclude otherwise would violate the very notions of fair play and substantial justice which this Court is bound to employ.

Accordingly, because no in personam jurisdiction exists over the Defendants, we shall grant the instant Motion, dismiss the amended complaint as against the Defendants, and order the Clerk to close the case.[2]  An appropriate Order shall issue.

---

[2] Inasmuch as we find no personal jurisdiction exists over the Defendants, we need not reach the Defendants' other arguments favoring dismissal of the action.